IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM BELIN,

    Movant,

v.                                                No. 13-cv-00532 MV/RHS
                                                 10-CR-2213 MV

UNITED STATES OF AMERICA,

    Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Movant William Belin's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence By A Person In Federal Custody (Doc. 1) filed June 13, 2013.

**FACTS AND PROCEDURAL HISTORY**

On July 7, 2010, Movant was arrested on charges related to shooting his girlfriend (Doc. 6 at 2). Movant was appointed an Assistant Federal Public Defender on July 8, 2010 (Cr. 10-2213, Doc. 4). On July 27, 2010, Movant was indicted on the following charges: (1) assault with intent to commit murder, in violation of 18 U.S.C. §§ 1153 and 113 (a)(1); (2) assault with a dangerous weapon, in violation of 18 U.S.C. §§ 1153 and 113(a)(3); (3)assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153 and 113(a)(6); and (4) use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924 (c)(1)(A)(iii) (Cr. Doc. 10). Movant retained a private attorney who entered his appearance in the criminal matter on March 9, 2011 (Doc. 30). The Assistant Federal Public Defender filed a Motion to Withdraw on March 10, 2011, which the District Judge granted on March 16, 2011 (Cr. Doc. 33 and 34).

On May 5, 2011, the United States filed its Notice of Intent to Introduce Evidence Pursuant to Fed. R. Evid. 404(b) ("Notice") (Cr. Doc. 37). The Notice stated that the United States intended "to introduce evidence of other crimes, wrongs or acts of the Defendant pursuant to Rule 404(b) of the Federal Rules of Evidence" at trial (Cr. Doc. 37). The Notice specifically identified the evidence that the United States intended to present through testimony: two prior assaults occurring February 22, 2010 and July 6, 2010. Id. at 4. Movant's trial counsel did not file a written objection to the Notice. The District Court raised concerns that Movant had not filed a written objection (Transcript Cr. Doc. 84 at 4). After hearing the representations of counsel, the District Court considered the arguments and made a finding that the Rule 404(b) "evidence is admissible independent of your objection" (Cr Doc. 84 at 94).

Movant's trial commenced on June 20, 2011 (Cr. Doc. 68). On June 22, 2011, the jury convicted Movant on all charges (Cr. Doc. 53). Movant was sentenced on November 3, 2011 (Cr. Doc. 63). On November 16, 2011, Movant filed his Notice of Appeal (Cr. Doc. 67). Appellate Counsel was appointed on January 23, 2012 (Cr Doc. 80). In his appeal, Defendant challenged the admission of the Rule 404(b) evidence (Cr. Doc. 97-1 at 2). He also raised an ineffective assistance of counsel claim. Id.   The Tenth Circuit concluded that "the district court did not commit plain error in allowing evidence of the prior assault" and affirmed the ruling (Cr. Doc. 97-1 at 2-3). The Tenth Circuit declined to address Movant's ineffective assistance claim stating that they "do so without prejudice to Defendant's right to raise the issue in proceedings properly brought under 28 U.S.C. § 2255" Id. at 4.

Movant filed the instant Motion (Doc. 1) asserting that all three attorneys who represented him during the pendency of his criminal proceeding and subsequent appeal provided Movant with ineffective assistance of counsel. Id. The United States filed its Response in

Opposition on August 15, 2013 (Doc. 6). Movant filed a Petition to Provide Rebuttal Reply (Doc. 13) on December 9, 2013 which the Court construes as Movant's Reply. The Court having reviewed the Motion, Response, Reply, and all filings on the record in the above-captioned cause concludes that Movant's Motion should be denied and recommends dismissal of Movant's claims.

## LEGAL STANDARD

A district court may grant relief under § 2255 if it determines that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255. A petitioner must demonstrate that a defect in the proceedings resulted in a complete miscarriage of justice. Davis v. United States, 417 U.S. 333, 346 (1974).

To succeed on a claim of ineffective assistance of counsel, Petitioner must show: (1) that counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms. . . and (2) that there is a reasonable probability that the outcome would have been different but for counsel's inadequate performance. Sandoval v. Ulibarri, 548 F.3d 902, 909 (10th Cir. 2008) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). In order to satisfy the first Strickland prong, Petitioner must identify acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Strickland, 466 U.S. at 690. Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness. The Court determines whether, in light of all the circumstances, the identified acts or omissions were outside the . . . range of professionally competent assistance. Id. There is a strong presumption that counsel rendered adequate assistance and exercised

reasonable professional judgment.  Strickland, 466 U.S. at 688.  "To prove deficient performance, [petitioner] must overcome the presumption that counsel's conduct was constitutionally effective."  Boyd v. Ward, 179 F.3d 904 (10th Cir. 1999).  "Specifically he must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  Id. (citing Strickland, 466 U.S. at 689 (internal quotation omitted)).  "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong.  Id. (citing Hoxie v. Kerby, 108 F.3d 1239, 1246 (10th Cir. 1997)).  Conclusory allegations are insufficient to support an ineffective assistance of counsel claim.  United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994).

Finding prejudice under the second Strickland prong requires that the Petitioner demonstrate that his attorney's alleged deficient performance prejudiced the defense.  Strickland, 466 U.S. at 687.  "If the alleged ineffective assistance occurred during the guilt/innocence stage, we determine whether there is a reasonable probability the jury would have had reasonable doubt regarding guilt."  Boyd v. Ward, 179 F.3d at 914.  The Court looks at the totality of the evidence when assessing prejudice, not just evidence helpful to petitioner.  Id. at 914.

In applying the two-part Strickland test, a court may address the performance and prejudice components in any order.  Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) (citing Strickland, 466 U.S. at 697); Boltz v. Mullin, 415 F.3d 1215, 1222 (10th Cir. 2005).  The Court need not address both components if the petitioner fails to make sufficient showing of either.  Id.

## ANALYSIS

Petitioner asserts that he received ineffective assistance of counsel during the underlying criminal proceeding and subsequent appeal, and makes nine individual claims: (1) his "trial attorney did not object to the admission of other acts evidence and in fact stipulated to its

admission, (2) his "attorney was ineffective due to not objecting to jury instructions, (3) his attorney abandoned him at trial, (4) his attorney failed to "build[] a defense at trial, . . . allowed the government to railroad defendant during trial," and failed to object to "material at trial by the government", (5) his attorney allowed "violations of defendant's due process rights to occur without objection," (6) his appellate attorney only raised one issue on appeal when there were "many separate issues," (7) his appellate attorney failed to file a "Writ of Certiorari in movant's behalf to the Supreme Court of the United States," (8) the Assistant Federal Public Defender failed to investigate the case and "tried to get him to plea out to the charging indictment," and (9) the Assistant Federal Public Defender "admit[ed] he was trying to get movant to request a twenty year plea." (Doc. 1 at 4-5).  The United States argues that seven of the nine alleged claims (Claims 2, 3, 4, 5, 6, 8 and 9) are "vague and conclusory, failing to set forth any meaningful specifics that would allow this Court to weigh their merit" and therefore, requests the Court deny Movant's claims (Doc. 6 at 9).  Next, the United States argues that Movant's allegation, in Claim 1, that trial counsel was ineffective for failing to object to the Rule 404(b) evidence was raised on direct appeal, considered and rejected by the Tenth Circuit (Doc. 6 at 16).  The United States requests the Court summarily reject Movant's claim in Ground 1.  Id.  Finally, the United States argues that Claim 7 should be denied because Movant does not have a constitutional right to have counsel pursue discretionary review.  Id.

      The Court will review and discuss each of Movant's claims for relief in the order set forth in Movant's Petition (Doc. 1).

### CLAIM ONE: Trial Counsel Was Not Ineffective For Failing To Object To The Admission of Rule 404(b) Evidence.

Movant's first claim asserts that the attorney who represented him during his criminal proceeding and at trial on the merits (hereinafter "trial counsel") was ineffective for failing to

object to the admission of the Fed. R. Evid. 404(b) evidence used to demonstrate that Movant's shooting of the victim, C.N., was not an accident (Doc. 1 at 4). Movant asserts that trial counsel "stipulated to its admission" rather than object. Id. The United States argues that Movant cannot re-litigate this claim because it was considered and rejected by the Tenth Circuit (Doc. 6 at 16).

The United States is correct. The Tenth Circuit has held that a defendant may not raise the issues under § 2255, that were previously raised and disposed of on direct appeal. United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). "Although [a] defendant raised an ineffective assistance of counsel claim on appeal, he is not barred from asserting ineffective assistance based on a different ground in a first §2255 petition." United States v. Cox, 83 F.3d 336, 342 (10th Cir. 1996) (citing United States v. Galloway, 56 F.3d 1239, 1242-43 (10th Cir. 1995). The record in the underlying criminal proceeding reflects that on March 5, 2012, Movant filed his Notice of Appeal (Cr. Doc. 90). Movant specifically appealed the admission of the Rule 404(b) evidence and raised an ineffective assistance of counsel claim (Cr. Doc. 97). On September 25, 2012, the Tenth Circuit filed its Order and Judgment. Id. The Tenth Circuit reviewed the briefs and the appellate record regarding the admission of Rule 404(b) evidence and "concluded that the district court did not commit plain error in allowing evidence of the prior assault" (Cr. Doc. 97-1). The Tenth Circuit decided this issue adversely to Movant and affirmed the conviction. Id. The Court declined to consider the ineffective assistance of counsel claim. Movant cannot now raise an ineffective assistance of counsel claim based on the admission of the Rule 404(b) evidence. United States v. Warner, 23 F.3d at 291.

In light of the decision of the Tenth Circuit and the applicable legal authority, the Court concludes that Movant's claim is without merit and recommends denial of Movant's claim that trial counsel was ineffective for failing to object to the admission of rule 404(b) evidence.

### CLAIMS TWO THROUGH FIVE: Trial Counsel Was Not Ineffective In His Representation of Movant At Trial.

Movant asserts that trial counsel was ineffective for failing to object to jury instructions., abandonment at trial, for failing to "build a defense at trial," for failing to object at trial, and for allowing violations of Movant's due process rights (Doc. 1). Movant makes these allegations in his Petition but provides no facts or other evidence to support these claims (Doc. 1). The United States argues that these claims are vague and conclusory and should be denied (Doc. 6 at 9). To prevail on these claims, Movant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that the outcome would have been different but for counsel's inadequate performance. Sandoval v. Ulibarri, 548 F.3d at 909.

In Claim Two, Movant complains that trial counsel was ineffective because he failed to object to the jury instructions. Movant's Petition and Reply fail to identify which jury instructions were objectionable. In fact, his Reply does not even contain any reference to the jury instructions. Movant's conclusory allegations are insufficient to support an ineffective assistance of counsel claim. United States v. Fisher, 38 F.3d at 1147. Moreover, without any facts, the Court is unable to make any determination of trial counsel's effectiveness or whether Movant was prejudiced. The Court concludes that Movant has failed to make any showing of entitlement to the relief sought and recommends denial of Movant's claim that trial counsel failed to object to jury instructions.

In Claims Three and Four, Movant asserts that trial counsel abandoned Movant at trial and failed to "build a defense" (Doc. 1 at 4-5). Movant's Motion fails to set forth any facts to support his claims. In his Reply, Movant argues that trial counsel did not raise Movant's alleged intoxication as a defense (Doc. 13). The United States contends that trial counsel did not

"abandon" Movant or fail to "build a defense" (Doc. 6 at 11-12). The trial transcript demonstrates that trial counsel's defense strategy was to assert that Movant's conduct was an accident (Cr. Doc. 84). Movant continues to argue that his conduct was an accident and that his attorney was ineffective because the outcome of his trial was unfavorable (Doc. 13). Trial counsel is not ineffective because the jury rejected Movant's claim that the shooting was an accident. Movant also attempts to support his claims with the same argument raised and rejected on appeal, that the admission of the 404(b) evidence was improper. There are no new facts raised to support Movant's claims. Movant fails to demonstrate that trial counsel's representation fell below an objective standard of reasonableness. Therefore, the Court recommended denial of Claims Three and Four.

In Claim Five, Movant contends trial counsel allowed Movant to be subjected to due process violations. Movant does not provide any specific facts to support his claim nor does he identify the violations that occurred. Movant was afforded appointed counsel but then chose to hire private counsel. On appeal, Movant was appointed appellate counsel. It is undisputed that Movant was represented during the pendency of his criminal proceeding. Moreover, the Court is unable to determine what due process violations Movant thinks trial counsel allowed. In additions, the record reflects that Movant refused to take a plea and decided to proceed to trial. The Court concludes that Movant fails to demonstrate that trial counsel's representation fell below an objective standard of reasonableness. The Court therefore, recommends denial of Claim Five.

### CLAIM SIX: Appellate Counsel Was Not Ineffective Because She Raised Only One Issue On Appeal.

Movant claims that appellate counsel was ineffective because only one issue was raised on appeal "when many separate issues were apparent to a reasonable attorney" (Doc. 1 at 5).

Movant fails to identify what the other issues should have been raised on appeal.  Movant's Reply is equally devoid of any facts to support this claim, in fact, this claim is not even mentioned in the Reply.  Movant's claim is conclusory and vague, and therefore, the Court concludes that Claim Six lacks any merit.  The Court recommends Movant's claim that appellate counsel was ineffective because she raised only one issue on appeal be denied.

### CLAIM SEVEN:  Appellate Counsel Was Not Ineffective For Failing To File A Writ Of Certiorari to the United States Supreme Court.

Movant asserts that appellate counsel was ineffective because she "never filed a Writ of Certiorari in Movant's behalf to the Supreme Court of the United States on a question of law" (Doc. 1 at 5).  "Indigent defendants pursuing appeals as of right have a constitutional right to a brief filed on their behalf by an attorney [but] that right does not extend to forums for discretionary review."  Austin v. United States, 513 U.S. 5, 8 (1994) (citing Anders v. California, 386 U.S. 738 (1967); Ross v. Moffitt, 417 U.S. 600, 616-617 (1974)).  Counsel's performance cannot be deemed constitutionally deficient for failure to petition the Supreme Court for certiorari review.  United States v. Fernandez, 397 Fed.Appx. 433, 436 (10th Cir. 2010) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Wainwright v. Torna, 455 U.S. 586, 587-88 (1982)); see also Coleman v. Thompson, 501 U.S. 722, 752, (1991) (affirming that where there is no constitutional right to counsel there can be no deprivation of effective assistance).

Movant's argument is without merit.  Movant cannot assert a constitutional violation based on his appellate counsel's allegedly defective performance of failing to pursue discretionary review.  Filing a writ of certiorari to the Supreme Court is considered pursuing discretionary review.   The Court concludes that appellate counsel was not ineffective for not filing a writ of certiorari to the United State Supreme Court on Movant's behalf.  Therefore, the Court recommends Claim Seven be denied.

**CLAIMS EIGHT AND NINE: Federal Public Defender Was Not Ineffective**

Finally, Movant's Motion asserts that the Federal Public Defender initially assigned to his case was ineffective because he never investigated the case and tried to get Movant to "plea out the charging indictment. . . and get movant to request a twenty year plea" (Doc. 1 at 5). Movant does not identify what information the Federal Public Defender would have derived from additional investigation. In addition, Movant offers no facts to support how the Federal Public Defender was ineffective in counseling Movant to take a plea. Movant alleges that the Federal Public Defender tried to make him take a twenty year plea (Doc. 1 at 5). The United States argues that a formal plea was tendered on December 29, 2010, that would have resulted in a sentencing range between 198 months and 217 months. In comparison to Movant's 300 month sentence, Movant would have received a more favorable sentence if he had taken the advice of the Federal Public Defender. Movant fails to demonstrate how the Federal Public Defender's advice or conduct was ineffective or that Movant was prejudiced during the short period that he was represented by the Federal Public Defender. The Court concludes that the Federal Public Defender was not ineffective in his representation of Movant. Therefore, the Court recommends Claims Eight and Nine be denied.

**REQUEST FOR EVIDENTIARY HEARING**

Movant requests an evidentiary hearing and the assignment of counsel to represent Movant in the interest of Justice (Doc. 1 at 13). The Government argues that an evidentiary hearing is not required because there are no facts in dispute (Doc. 6 at 22). The "District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim." U.S. v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004). "The purpose of an evidentiary hearing is to resolve conflicting

evidence." Hooks v. Workman, 606 F.3d 715, 731 (10th Cir. 2010) (citing Anderson v. Attorney General of Kansas, 425 F.3d 853, 860 (10th Cir. 2005)).  Movant has not demonstrated that any conflicting evidence exists.  In light of the record and relevant authorities, an evidentiary hearing is not required nor would a hearing materially assist the Court in recommending a disposition.

## RECOMMENDED DISPOSITION

The Court concludes that Movant is not entitled to any relief with respect to the claims raised in his § 2255 motion.  Therefore, the Court recommends that Movant's Motion (Doc. 1) be DENIED and that this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.  A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE